**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SYMON MANDAWALA,

    Plaintiff-Appellant,

 v.

ERA LIVING LLC,

    Defendant-Appellee.

No. 23-35345

D.C. No. 2:22-cv-01179-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 26, 2024[**]

Before:  TASHIMA, SILVERMAN, and KOH, Circuit Judges.

 Symon Mandawala appeals pro se from the district court's judgment

dismissing his federal civil rights action alleging that defendant, its attorney in

prior state court litigation, and a state court judge, conspired to violate his rights.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Mandawala's request for oral argument, set forth in the opening brief, is denied.

dismissal for failure to state a claim. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

To the extent Mandawala alleged claims against a state court judge, the district court properly dismissed the claims as barred by judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to the determination of whether an act is judicial in nature and subject to absolute judicial immunity).

To the extent Mandawala alleged claims against defendant and its attorney, dismissal of the claims was proper because Mandawala failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

**AFFIRMED.**